Daniel, Judge.
 

 — This was a petition in which the plaintiff stated that he was the father and next of kin of Samuel Ralston, deceased, late of Pitt County. The petition prays that the probate of the will of the said Ralston be recalled and set aside, and a re-probate be ordered
 
 per testes,
 
 or in
 
 solemn form.
 
 The petition is resisted by the defendants in their answer, (the executors, who are also the principal legatees named in the will) on three grounds:
 
 First,
 
 that the plaintiff was not the father and next of kin of the testator. Secondly, that if he was the father, he was now estopped and barred from proceeding in the suit, for that he had heretofore filed a bill in equity against these defendants as executors, and endeavoured to establish and set up a resulting trust to himself as next of kin, of a large portion of the personal estate of the testator: that he by his bill in equity had admitted, that the will was made and duly proven.
 
 Thirdly,
 
 that the plaintiff had not made any affidavit, which he ought to have done, of any new fact coming to his knowledge, subsequently to t.he filing of his bill in equity; which should authorise or induce a Court of probate to call in the probate, and to order that the will be proven in solemn form. The case was heard in the County Court and a re-probate ordered. An appeal was taken to the Superior Court, where the judgment below was affirmed; and from thence it has been brought by appeal into this Court.
 

 The counsel for the defendants contend;
 
 first,
 
 That the Judge erred in declaring in the decree, “
 
 that it was proved,”
 
 that the petitioner was next of kin of the deceased. It ought to be proved (say the counsel,) as the deceased had never been married, that the petitioner was the father of
 
 *484
 
 the deceased, and that he survived him. The declaration 0f the deceased, that he had a falher in Ireland is not sufficient evidence; (say they,) that this petitioner is the person.
 

 The declarations of the deceased, as far as they go, are evidence against the defendants, as they claim under him. These declarations (as appears by the depositions taken in the former suit, which are made part of the defendant’s answer,) not only admit that he had a father living in Ireland, but they go further, and admit that his name was Samuel. We think that the declarations of the testator, connected with the admissions of the defendants themselves, that this plaintiff filed a bill in equity against them, stating in said bill, that he was the father and next of kin of the testator; which bill was dismissed by the Court, not for want of proof of this fact, but upon the merits,
 
 are prima facie
 
 evidence to identify the plaintiff to be the Samuel Ralston the elder, the father of the deceased, who had survived the testator, and was his next of kin. Therefore the Judge did not err, when he in the decree declared that fact was to him proven.
 

 The next objection is, that the plaintiff has acquiesced in the probate. That he filed a bill in equity, against the defendants, in which he admitted
 
 the
 
 paper was the
 
 Iasi will
 
 of the deceased, and that it had been duly proven, and that he claimed as next of kin, all the personal estate, except a one thousand dollar legacy to Franklin Gorham, as a resulting trust, admitting thereby, that the defendants had been properly appointed executors, and in that character held the property as trustees for him. That he had filed no affidavit of the discovery of any new fact, since the filing of his bill in equity, to-ground the present application for a re-probate..
 

 This objection, in our opinion, is not valid. The next kin, ns such merely, are entitled to call for proof
 
 per testes,
 
 or in solemn form, of any deceased’s will of common right. If, indeed, the executor propounds and proves it,
 
 per testes,
 
 of himself, which he may do,- — duly citing the deceased’s next of kin, to “
 
 see proceedings,”
 
 — all next of ^'n so c*tec*’ generally speaking, are thereby forever barred. Acquiescence, unless for an unreasonable length
 
 *485
 
 of time, unaccompanied by any special circumstances, is not a bar of this common right, even though accompanied by the receipt of a
 
 legacy,
 
 under the very will sought to be controverted, if he will bring in his legacy. This has been determined in a great variety of cases. But the next of kin who calls in a probate, once taken, even in common form, and puts the executor upon proof,
 
 per testes,
 
 of his will, does it at the peril of costs.
 
 Bell
 
 v.
 
 Armstrong,
 
 2 Eng. Eccles. Rep. 139, 140. If the next of kin who has by parol demanded of the executor and received a legacy under the will, is not barred of his common right to call for proof of the will in solemn form, we cannot conceive that this common right will be barred by his demanding his distributive share by a written bill in equity, (which is not on oath,) of that portion of the estate which he conceived and charged, had resulted to him from the fraudulent imposition on the deceased by one of the executors, who was the writer of the will, and that demand being refused by the Court, upon the ground that no such trust appeared upon the will. The next of kin who has received a legacy under the will, is never put to his affidavit of newly discovered facts, before he is permitted to call for a probate
 
 per testes.
 
 He is only bound to bring in his legacy and give security for the costs, in case a decision be made against him. We do not feel authorised to demand such an affidavit in this case. The principle, however, which distinguishes this case and governs our decision, is, that the plaintiff has never acquiesced: he only mistook his remedy in filing his bill upon a statement of facts not sufficient to support it, but sufficient to sustain this application. We think it is not a bar to his position. The judgment is therefore affirmed.
 

 Per CuriaM. Decree affirmed.